BURNS & MONAHAN, Respondents, v. ELWOOD G. MOORE, Appellant.

Kansas City Court of Appeals, October 15, 1908.

REAL ESTATE BROKER: Commissions: Procuring Cause: Demurrer to Evidence. Where the record shows substantial evidence supporting the respective positions of the parties as to which of two real estate brokers was the procuring cause of the sale, the question is for the jury.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Special Judge.

AFFIRMED.

*Brown, Harding & Brown* for appellant.

Under the evidence in this case respondents were not the procuring cause of the sale to Katherine Wolfe and the demurrer submitted by appellant at the close of the evidence should have been sustained. Crone v. Trust Co., 85 Mo. App. 601; Goffe v. Gibson, 18 Mo. App. 1; Stinde v. Blesch, 42 Mo. App. 580; Wright & Orrison v. Brown, 68 Mo. App. 577; Brennan v. Roach, 47 Mo. App. 290.

*William Moore* for respondents.

Two-thirds of the cases cited by appellant hold that the payment of a commission to the purchaser's agent will not enable the seller to escape payment to the man who actually was the procuring cause of the sale, and we agree with appellant's counsel that this is, and should be the law. In support of a proposition so well established as the one that the higher court will not disturb the verdict of a jury by weighing evidence when it is approved by the trial court, we may be pardoned for citing a few authorities, viz.: Staehlin v. Kramer, 18 Mo. App. 334; Hogan v. Slade, 98 Mo. App. 44; McCormack v. Henderson, 100 Mo. App. 647; Parsons v. Mayfield, 73 Mo. App. 309; Finley v. Railroad, 73 Mo. App. 643; Pollard v. Bank, 67 Mo. App. 187; Corder v. O'Neill, 176 Mo. 401.

JOHNSON, J.—This action was brought before a justice of the peace by plaintiffs who are partners engaged in the business of real estate agents in Kansas City to recover a commission alleged to be due them from defendant. A trial in the circuit court resulted in a verdict and judgment for plaintiffs and the cause is here on the appeal of defendant. We are called upon to decide the single question of whether the court erred in overruling the demurrer to the evidence offered by defendant. It is argued by defendant that the evidence

even when considered in the light most favorable to plaintiffs shows that plaintiffs were not the procuring cause of the sale which gave rise to this controversy.

Defendant owned real property in Kansas City which he sold to Katherine Wolfe on April 27, 1904, for $6,350. He recognized a real estate agent named Houlehan as his agent in the transaction and paid him a commission for making the sale. The evidence of defendant tends to show that Houlehan was the agent of defendant and that by his efforts, the purchaser became interested in the property and was induced to buy it. On the other hand, it is conceded by defendant that plaintiffs also were authorized to sell the property as his agents and the evidence of plaintiffs is to the effect that they were the procuring cause of the sale though they were not permitted to close it. Indeed, all the facts and circumstances in proof afford room for a reasonable person to conclude that Houlehan, in fact, was the agent of the purchaser and not of defendant and that his claim to a commission from defendant was not presented by him nor acknowledged by defendant in good faith, but was a mere device concocted to deprive plaintiffs of their just reward.

We find in the record substantial evidence supporting the respective positions of the parties. In such state of case, the question of which agent was the procuring cause of the sale was an issue of fact for the jury to determine, and it follows that no error was committed in overruling the demurrer to the evidence.

The judgment is affirmed. All concur.